# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40645
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLIE GUSTAVO HUERTA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-64-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Charlie Gustavo Huerta was convicted, following a bench trial, of one count of possession with intent to distribute cocaine and cocaine base and one count of possession of a firearm, during, in relation to, and in furtherance of a drug trafficking crime. Huerta appeals the district court's denial of his motion to suppress evidence seized from his motel room and his vehicle, arguing that such evidence was obtained via a search warrant which was inappropriately

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40645

supported by observations made during an improper protective sweep in violation of the Fourth and Fourteenth Amendments.  Specifically, Huerta contends that the protective sweep of his motel room exceeded the permissible bounds of a protective sweep in that no exigent circumstances existed to justify the warrantless entry into the room, no arrest was made in conjunction with the sweep, and the protective sweep went beyond merely looking for dangerous persons.

Generally, and as proposed by Huerta, when reviewing a denial of a motion to suppress evidence, this court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo. *United States v. Perez*, 484 F.3d 735, 739 (5th Cir. 2007). However, where, as here, the motion to suppress was delegated to a magistrate judge, and the aggrieved party failed to file objections to the magistrate judge's report and recommendation, despite being notified of the consequences of a failure to so object, our review is for plain error only.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420-23, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).  To establish plain error, Huerta must show (1) an error that has not been affirmatively waived (2) that is clear or obvious and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but will do so only if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id*.; *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018).  Plain error is a "stringent and difficult" standard. *United States v. Mendez*, 885 F.3d 899, 908 (5th Cir. 2018).  In our review of the proceedings, we are not limited to the evidence presented at the hearing on the motion to suppress and may consider

the entire record.  *See United States v. Basey*, 816 F.2d 980, 983 n.1 (5th Cir. 1987).

We note initially that Huerta has not addressed the district court's alternative ruling that even if probable cause had been insufficient, the evidence should not be suppressed because law enforcement acted in good faith reliance on the search warrant.  Accordingly, Huerta has abandoned this issue on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Notwithstanding that the failure to address the district court's alternative ruling constitutes sufficient grounds for affirmance, we address Huerta's arguments.

Exigent circumstances constitute an exception to the Fourth Amendment's warrant requirement.  *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006).  In determining whether sufficient exigency existed to justify the search, we look to the totality of the circumstances.  *Missouri v. McNeely*, 569 U.S. 141, 149 (2013).  We employ a non-exhaustive five-factor test to determine whether exigent circumstances existed: "(1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) the reasonable belief that contraband is about to be removed; (3) the possibility of danger to the police officers guarding the site of contraband while a search warrant is sought; (4) the information indicating that the possessors of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband and the knowledge that efforts to dispose of it and to escape are characteristics in which those trafficking in contraband generally engage."  *United States v. Aguirre*, 664 F.3d 606, 611 (5th Cir. 2011) (citation omitted).  We will "not second guess the judgment of experienced law enforcement officers concerning the risks of a particular situation."  *United States v. Menchaca-*

*Castruita*, 587 F.3d 283, 290 (5th Cir. 2009) (internal quotation marks and citation omitted).

In this case, reviewing for plain error, we cannot say the warrantless entry into Huerta's room was unreasonable. First, law enforcement was dispatched to the Motel 6 based on information that motel maids had seen drugs and a gun in Huerta's room. Furthermore, this particular Motel 6 had a reputation for being a location for regular criminal activity and officers were regularly dispatched there on reports of illegal activity. It also would have been dangerous to officers guarding the site to stand by and wait while a search warrant was obtained. Together, these circumstances support a finding that an exigency existed that justified a warrantless entry into the room. *See United States v. Silva*, 865 F.3d 238, 242 (5th Cir. 2017); *United States v. Jones*, 239 F.3d 716, 720-22 (5th Cir. 2001); *United States v. Shannon*, 21 F.3d 77, 81-82 (5th Cir. 1994). Thus, the district court's conclusion was not plainly erroneous. *See Puckett*, 556 U.S. at 135.

Moreover, the record supports a finding that the protective sweep following officers' entry into Huerta's room was properly limited in scope. *See Silva*, 865 F.3d at 243-44; *United States v. Mata*, 517 F.3d 279, 286 (5th Cir. 2008). The search lasted no longer than two minutes and was limited to only those places where an individual might hide, such as the bathroom, shower area, and closet. Furthermore, despite Huerta's arguments to the contrary, a protective sweep need not always be incident to an arrest. *United States v. Gould*, 364 F.3d 578, 584 (5th Cir. 2004) (en banc), *abrogated in part on other grounds by King*, 563 U.S. at 461-70; *see also Mata*, 517 F.3d at 286. Thus, we find no error, plain or otherwise, in the district court's denial of Huerta's motion to suppress. Having found that the initial search of the motel room did not constitute a violation of Huerta's Fourth Amendment rights, there is no

No. 18-40645

need to address Huerta's arguments regarding the validity of a search warrant based upon information gathered from an allegedly illegal search.

Accordingly, the judgment of the district court is AFFIRMED.